J-S01002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHARLES V. OLIVER :
:
Appellant : No. 1207 MDA 2016

Appeal from the PCRA Order July 7, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001403-1993

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JANUARY 18, 2017**

Appellant, Charles V. Oliver, appeals from the order entered in the Lackawanna County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On January 25, 1995, a jury convicted Appellant of first-degree murder and conspiracy. The court sentenced Appellant the next day to life imprisonment for murder and a consecutive 5-10 years' imprisonment for conspiracy. This Court affirmed the judgment of sentence on April 3, 1996. *See Commonwealth v. Oliver*, 674 A.2d 287 (Pa.Super. 1996). Appellant did not pursue further direct review. Appellant filed a *pro se* motion for DNA testing on September 2, 2010, which the court denied on November 9, 2010. This Court affirmed on December 14, 2011, and our Supreme Court denied allowance of appeal on July 16, 2012. ***See***

*Commonwealth v. Oliver*, 40 A.3d 192 (Pa.Super. 2011), *appeal denied*, 616 Pa. 645, 48 A.3d 1248 (Pa.Super. 2012).  On June 5, 2013, Appellant filed a *pro se* motion to hold a hearing on an alleged **Brady**[1] violation, which the court treated as a PCRA petition; the court denied relief on December 10, 2013.  This Court affirmed on June 25, 2014, and our Supreme Court denied allowance of appeal on November 5, 2014.  **See Commonwealth v. Oliver**, 105 A.3d 46 (Pa.Super. 2014), *appeal denied*, 628 Pa. 621, 102 A.3d 985 (2014).  Appellant filed another *pro se* PCRA petition on September 24, 2015, which the PCRA court denied on December 1, 2015.

Appellant filed the current *pro se* serial PCRA petition on February 10, 2016, seeking relief under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).  On May 24, 2016, the court issued notice per Pa.R.Crim.P. 907; Appellant responded on June 28, 2016.  On July 7, 2016, the court denied PCRA relief.  Appellant timely filed a *pro se* notice of appeal on July 19, 2016.  That day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.[2]

Preliminarily, the timeliness of a PCRA petition is a jurisdictional

---

[1] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[2] On December 13, 2016, Appellant filed an application in this Court to amend his reply brief, attaching an additional paragraph for this Court's review.  We grant his application, and we have considered the amendment.

requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on May 3, 1996, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. ***See*** Pa.R.A.P. 1113. Appellant filed the current PCRA petition on February 10, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), insisting ***Alleyne*** and its progeny declared unconstitutional the mandatory minimum sentencing statute under which Appellant was sentenced. Nevertheless, the ***Alleyne*** law affords him no relief. ***See Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in ***Alleyne*** is not substantive or

watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences where judgment of sentence became final before **Alleyne** was decided).[3]   Appellant also claims **Montgomery** affords him relief because Appellant insists he was a juvenile at the time of the February 1986 murder.  The record makes clear, however, Appellant's birthdate is May 16, 1966, so he was 19 years old at the time of the murder.  Appellant's assertion that his "evil" foster parent(s) changed his birthdate (which Appellant claims is actually April 12, 1968), lacks any support in the record.[4]   Thus, **Montgomery** is inapplicable here;[5] and we affirm the denial of PCRA relief.

    Order affirmed.

_____

[3] Appellant would not be entitled to relief in any event, as **Alleyne** does not apply to the mandatory life imprisonment sentence for first-degree murder.

[4] On October 17, 2016, Appellant filed in this Court a motion to compel, *inter alia*, the District Attorney's Office to produce all records in its possession pertaining to Appellant's date of birth.  This Court denied the motion by *per curiam* order on November 30, 2016.  On December 28, 2016, Appellant filed a motion for reconsideration.  We deny his motion for reconsideration.

[5] To the extent Appellant purports to invoke the other statutory exceptions under Section 9545(b)(1), he did not satisfy the 60-day rule.  **See** 42 Pa.C.S.A. § 9545(b)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2017